# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 11, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| STEPHEN ACKER, | * | No. 17-242V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Paul A. Kinne, Gingras, Cates & Luebke, S.C., Madison, WI, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 21, 2017, Stephen Acker ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that the quadrivalent influenza vaccine he received on October 1, 2015, caused him to develop Guillain-Barré syndrome ("GBS"). Pet. at 1, ECF No. 1. On February 5, 2019, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on February 7, 2019. ECF No. 29.

On August 13, 2019, Petitioner filed an application for attorneys' fees and costs. ECF No. 38 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $12,381.25

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(representing $10,212.50 in fees and $2,168.75 in costs).[3] Fees App. Ex. 1 at 4. Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any costs. Fees App. at 4. Respondent responded to the motion on August 14, 2019, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3 (ECF No. 39). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the

---

[3] In the instant motion, Petitioner requests costs of $2,166.62. Thereafter, the undersigned ordered Petitioner to file additional documentation to substantiate the requested costs. Petitioner filed a Declaration on January 27, 2020, providing documentation of costs. ECF No. 42. This filing requested costs of $2,168.75. *Id.* at Ex. A. The undersigned will therefore accept $2,168.75 as the actual amount of costs incurred by counsel in this case.

Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[4]

Petitioner requests the following hourly rates for his attorneys: $400.00 per hour for all work performed by Mr. Paul Kinne (from 2016-2017), and $250.00 per hour for all work performed by Mr. Scott Thompson (from 2016-2019). This is the first time a special master has considered the reasonableness of the hourly rates for Mr. Kinne and Mr. Thompson. The first step of this inquiry is to determine whether they are entitled to forum rates. Mr. Kinne and Mr. Thompson practice law in Madison, Wisconsin. Although it has never been determined whether attorneys practicing law in Madison are entitled to forum rates, attorneys in Middleton, Wisconsin have been awarded forum rates. *See Horton v. Sec'y of Health & Human Servs.*, No. 17-55V, 2018 WL 6253775, at *2 (Fed. Cl. Spec. Mstr. Oct. 23, 2018). Middleton is a suburb of Madison, and the undersigned has no doubt that attorneys practicing in Madison would be entitled to rates that are equal to the rates of attorneys practicing in Middleton, a smaller city. Accordingly, Mr. Kinne and Mr. Thompson are entitled to forum rates.

The next issue is to determine a reasonable rate for Mr. Kinne and Mr. Thompson. Mr. Kinne has been licensed to practice law since 1993, giving him approximately 23 years of experience when work on this case commenced in 2016. Mr. Thompson has been licensed to practice law since 2015, giving him approximately one year of experience in 2016. For both Mr. Kinne and Mr. Thompson, this is the first they have practiced in the Vaccine Program. For attorneys with 20-30 years of experience, the OSM Fee Schedule for 2016 prescribes an hourly rate of $350.00-$415.00 per hour. Because Mr. Kinne has no Vaccine Program experience and an

---

[4] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

overall level of experience on the lower end of that range, the undersigned finds his requested rate of $400.00 per hour to be excessive. In the undersigned's experience, a reasonable hourly rate for Mr. Kinne would be $360.00 per hour for 2016 and $368.00 per hour for 2017.

The undersigned also finds Mr. Thompson's requested rate of $250.00 per hour for all years to be excessive. The OSM Fee Schedule for 2016 prescribes an hourly rate of $150.00-$225.00 per hour for attorneys with less than 4 years of experience. Because Mr. Thompson only had 1 year of experience in 2016 and has no Vaccine Program experience, he should have a rate at the lower end of this range. Also supporting this are the rates of attorneys practicing in Middleton, Wisconsin. For example, Mr. Andrew Krueger and Ms. Stephanie Schmitt of Krueger & Hernandez, S.C. have each been compensated at $200.00 per hour for work performed from 2016-2019. Each has more experience than Mr. Thompson, in total years practicing law (Mr. Krueger was barred in 2014 while Ms. Schmitt was barred in 2010) and especially in Vaccine Program cases. Therefore, a reasonable rate for Mr. Thompson's work is $165.00 per hour for 2016, $172.00 per hour for 2017, $180.00 per hour for 2018, and $190.00 per hour for 2019.

Based upon these rates, the undersigned shall reduce the final award of attorneys' fees by **$2,747.75**.[5]

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.

Upon review, the undersigned finds the billed hours to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review the undersigned does not find any of the billing entries to be unreasonable. Respondent has also not indicated that he finds any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$7,464.75**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,168.75 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and admission to practice for Mr. Kinne and Mr. Thompson. ECF No. 42 Ex. A at 1. At the time Petitioner filed his motion for attorneys' fees and costs, no

---

[5] For Mr. Kinne:
2016: ($400.00 per hour requested - $360.00 per hour awarded) * 3.0 hours billed = $120.00
2017: ($400.00 per hour requested - $368.00 per hour awarded) * 3.0 hours billed = $96.00

For Mr. Thompson:
2016: ($250.00 per hour requested - $165.00 per hour awarded) * 13.75 hours billed = $1,168.75.
2017: ($250.00 per hour requested - $172.00 per hour awarded) * 13.5 hours billed = $1,053.00
2018: ($250.00 per hour requested - $180.00 per hour awarded) * 4.0 hours billed = $280.00
2019: ($250.00 per hour requested - $190.00 per hour awarded) * 0.5 hours billed = $30.00

4

supporting documentation was provided for the costs. Accordingly, December 9, 2019, the undersigned ordered Petitioner to file documentation supporting the requested costs by December 23, 2019. ECF No. 40. Petitioner did not meet this deadline, so on January 13, 2020, the undersigned issued another order for Petitioner to file proof of costs. ECF No. 41. On January 27, 2020, Petitioner filed a Declaration in support of his motion for attorneys' fees and costs. ECF No. 42. This Declaration contained documentation supporting some, but not all, of the requested costs. The missing costs are:

- 5/31/2016 – Medical records from IOD Inc. in the amount of $44.59
- 6/9/2016 – Medical records from Healthport in the amount of $97.90
- 8/8/2016 – Medical records from Healthport in the amount of $97.90
- 12/10/2016 – Medical records from CIOX Health in the amount of $658.16

Petitioner has been given multiple chances to provide documentation to support these costs and has failed to do so. Therefore, the undersigned will not reimburse these costs. *See Sabella v. Sec'y of Health & Human Servs.*, No. 02-1627V, 2008 WL 4426040, at *29 (Fed. Cl. Spec. Mstr. Sept. 23, 2008), *mot. for rev. denied*, 86 Fed. Cl. 201 (2009) ("When petitioners fail to meet their burden of proof, such as by not submitting appropriate documentation, special masters have refrained from awarding compensation."). This results in a reduction of **$898.55**.

Also requiring reduction are the costs requested for Mr. Kinne's and Mr. Thompson's admission to practice before the Court of Federal Claims. The cost of admission to practice before the Court has consistently been held to be non-reimbursable. *Velting v. Sec'y of Health & Human Servs.*, No. 90-1432V, 1996 WL 937626, at *2, 4 (Fed. Cl. Spec. Mstr. Sept. 24, 1996); *Rojas v. Sec'y of Health & Human Servs.*, No. 14-1220V, 2017 WL 6032300, at *13 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). Accordingly, the undersigned will further reduce the final award of costs by **$562.00**. Petitioner is therefore awarded final attorneys' costs of **$708.20**.

## II.   Conclusion

Based on all the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $10,212.50 |
|---|---|
| (Reduction to Fees) | - ($2,747.75) |
| **Total Attorneys' Fees Awarded** | **$7,464.75** |
| | |
| Attorneys' Costs Requested | $2,168.75 |
| (Reduction of Costs) | - ($1,460.55) |
| **Total Attorneys' Costs Awarded** | **$708.20** |
| | |
| **Total Attorneys' Fees and Costs** | **$8,172.95** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and

costs, other than the reductions delineated above, is reasonable. **Accordingly, the undersigned awards the following:**

1) **A lump sum in the amount of $8,172.95, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Paul Kinne.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).